# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. NATIONAL ASSOCIATION OF FORENSIC COUNSELORS, INC., a Nevada Non-Profit Corporation, and<br>2. AMERICAN ACADEMY OF CERTIFIED FORENSIC COUNSELORS, INC., d/b/a AMERICAN COLLEGE OF CERTIFIED FORENSIC COUNSELORS, a Nevada For-Profit Corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>1. NARCONON INTERNATIONAL, a California Non-Profit Corporation;<br>2. NARCONON OF OKLAHOMA, INC. d/b/a NARCONON ARROWHEAD, d/b/a ADVANCE DETOX, d/b/a ARROWHEAD MEDICAL DETOX, d/b/a NARCONON CHILOCCO NEW LIFE CENTER, an Oklahoma Non-Profit Corporation;<br>3. NARCONON OF GEORGIA, INC., a Georgia Non-Profit Corporation;<br>4. PITA GROUP, INC., an Oklahoma Non-Profit Corporation;<br>5. NARCONON – HAWAII, a Hawaiian Non-Profit Corporation;<br>6. FRIENDS OF NARCONON INTL., a California Non-Profit Corporation;<br>7. NARCONON OF NORTHERN CALIFORNIA d/b/a NARCONON VISTA BAY d/b/a NARCONON REDWOOD CLIFFS, a California Non-Profit Corporation;<br>8. PREMAZON, INC., a California Corporation;<br>9. INTERVENTION SERVICES AND TECHNOLOGIES, INC., d/b/a INTERVENTION SERVICES, an Indiana Corporation;<br>10. NARCONON SPRING HILL, INC., d/b/a SUNCOAST REHABILITATION CENTER, a Florida Non-Profit Corporation; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 14-cv-00187-KEW<br><br><br><br><br><br><br>*Jury Trial Demanded*<br>*Attorney Lien Claimed* |

11. BEST DRUG REHABILITATION, INC.,      )
a Nevada Non-Profit Corporation;          )
12. A LIFE WORTH LIVING, INC. d/b/a       )
NARCONON COLORADO - A LIFE                )
WORTH SAVING, a Colorado Non-Profit       )
Corporation;                              )
13. NARCONON FRESH START, INC., a         )
California Non-Profit Corporation;        )
14. NARCONON SOUTH TEXAS, INC., a         )
Texas Non-Profit Corporation;            )
15. NARCONON EASTERN UNITED               )
STATES, INC., a Virginia Non-Profit       )
Corporation;                              )
16. ASSOCIATION FOR BETTER LIVING         )
AND EDUCATION INTERNATIONAL, a            )
California Non-Profit Corporation;        )
17. RELIGIOUS TECHNOLOGY CENTER, a        )
California Non-Profit Corporation;        )
18. NARCONON TROIS-RIVIERES, a            )
Canadian Charitable Organization;         )
19. NARCONON FREEDOM CENTER,              )
INC., a Michigan Non-Profit Corporation;  )
20. NARCONON LONDON d/b/a                 )
NARCONON UK, a Limited company in the     )
United Kingdom;                           )
21. NARCONON, INCORPORATED d/b/a          )
NARCONON CANADA, a Canadian               )
Corporation;                              )
22. GOLDEN MILLENNIUM                     )
PRODUCTIONS, INC., a California           )
Corporation;                              )
23. INTERNATIONAL ACADEMY OF              )
DETOXIFICATION SPECIALISTS, a             )
California Non-Profit Corporation;        )
24. THE VIRTUAL WORKFORCE CO.,            )
LTD., a Limited company in the United     )
Kingdom;                                  )
25. ENCOGNITIVE.COM, a company            )
registered in Alberta, Canada;            )
26. GREATCIRCLE STUDIOS, LLC, a           )
Florida Limited Liability Company;        )
27. CHURCH OF SCIENTOLOGY                 )
INTERNATIONAL, a California Corporation,   )
28. ROYALMARK MANAGEMENT, INC., a         )
California Corporation;                    )
29. GARY W. SMITH, a citizen of Oklahoma;  )

30. DERRY HALLMARK, a citizen of           )
Oklahoma;                                  )
31. REBECCA POOL, a citizen of             )
Massachusetts;                             )
32. JANET WATKINS, a citizen of            )
Oklahoma;                                  )
33. TOM WIDMAN, a citizen of Oklahoma;     )
34.VICKI SMITH, a citizen of Oklahoma;     )
35. MICHAEL OTTO, a citizen of Oklahoma;   )
36. MICHAEL J. GOSSELIN, a citizen of      )
Oklahoma;                                  )
37. KATHY GOSSELIN, a citizen of           )
Oklahoma;                                  )
38. MICHAEL GEORGE, a citizen of           )
Oklahoma;                                  )
39. KENT MCGREGOR, a citizen of            )
Oklahoma;                                  )
40. JAMES MCLAUGHLIN, a citizen of         )
Texas;                                     )
41. ROBERT "BOBBY" NEWMAN, a citizen       )
of Hawaii;                                 )
42. JOSEPH SAUCEDA, a citizen of Texas;    )
43. ROBERT J. HERNANDEZ, a citizen of      )
California;                                )
44. ROBERT "BOBBY" WIGGINS, a citizen      )
of California;                             )
45. JONATHAN BEAZLEY, a citizen of         )
California;                                )
46. NICHOLAS BAILEY, a citizen of          )
California;                                )
47. JOSEPH GUERNACCINI, a citizen of       )
California;                                )
48. KEVIN LEE, a citizen of Indiana;       )
49. SHARON KUBACKI, a citizen of Indiana;  )
50. PHILIP R. KELLY, II, a citizen of      )
Pennsylvania;                              )
51. THOMAS GARCIA, a citizen of Florida;   )
52. JASON BURDGE, a citizen of Michigan;   )
53. STEVEN K. BRUNO, a citizen of          )
California;                                )
54. CLARK CARR, a citizen of California;   )
55. DENA G. GOAD a.k.a. DENA G.            )
BOMAN, a citizen of Oklahoma;              )
56. MICHAEL DIPALMA, a citizen of          )
California;                                )
57. D. ERIC MITCHELL, a citizen of         )

Arkansas;                                          )
58. SHANA AUSTIN, a citizen of Florida;            )
59. NICK HAYES, a citizen of Quebec,               )
Canada;                                            )
60. SCOTT BURGESS, a citizen of Quebec,            )
Canada;                                            )
61. DAVID MISCAVIGE, a citizen of                  )
California;                                        )
62. TIBOR PALATINUS, a citizen of British          )
Columbia, Canada;                                  )
63. SYLVAIN FOURNIER, a citizen of                 )
Quebec, Canada;                                    )
64. NICHOLAS THIEL, a citizen of                   )
Michigan;                                          )
65. DAVID S. LEE, III, a citizen of Indiana;       )
66. RICHARD "MATTHEW" HAWK, a                      )
citizen of Louisiana;                              )
67. MARCEL GEMME, a citizen of Quebec,             )
Canada;                                            )
68. MARY RIESER, a citizen of Georgia;             )
69. ANTHONY BYLSMA, a citizen of                   )
California;                                        )
70. KENNETH H. POMERANCE, a citizen of             )
Florida;                                           )
71. RICHER DUMAIS, a citizen of Quebec,            )
Canada;                                            )
72. JAMES "JIM" WOODWORTH, a citizen               )
of Louisiana;                                      )
73. CARL SMITH, a citizen of California;           )
74. DESIREE CARDOSO, a citizen of                  )
California;                                        )
75. JONATHAN MORETTI, a citizen of                 )
California;                                        )
76. MICHAEL ST. AMAND, a citizen of                )
Oklahoma;                                          )
77. CHERYL WILLIAMS, a citizen of                  )
Quebec, Canada;                                    )
78. MARC BERNARD, a citizen of Quebec,             )
Canada;                                            )
79. GLEN PETCAVAGE, a citizen of                   )
Colorado;                                          )
80. MARTIN GAMSBY, a citizen of Quebec,            )
Canada.                                            )
81. DAPHNA HERNANDEZ, a citizen of                 )
California;                                        )
82. LURIA K. DION a.k.a. KATHY DION, a             )

citizen of California;                              )
                                                   )
            Defendants.                            )

## COMPLAINT

COME NOW, Plaintiff National Association of Forensic Counselors, Inc. ("NAFC") and Plaintiff American Academy of Certified Forensic Counselors, Inc. d/b/a American College of Certified Forensic Counselors ("ACCFC") (collectively "Plaintiffs"), by and through their counsel of record Richardson, Richardson, Boudreaux & Keesling, PLLC, and hereby submit their claims and causes of action against Defendants.  In support thereof, Plaintiffs state as follows:

### *PARTIES, JURISDICTION AND VENUE*

1.      Plaintiff National Association of Forensic Counselors, Inc. ("NAFC") is a Non-Profit Corporation organized under the laws of the State of Nevada, with its principal place of business located in Fort Wayne, Indiana.

2.      Plaintiff American Academy of Certified Forensic Counselors, Inc. d/b/a American College of Certified Forensic Counselors ("ACCFC") is a For-Profit Corporation organized under the laws of the State of Nevada, with its principal place of business located in Fort Wayne, Indiana.

3.      Defendant Narconon International is a Non-Profit Corporation organized under the laws of the State of California, with its principal place of business located in Los Angeles, California, doing business in the State of Oklahoma, Pittsburg County.

4.      Defendant Narconon of Oklahoma, Inc. d/b/a Narconon Arrowhead, d/b/a Advance Detox, d/b/a Arrowhead Medical Detox, and d/b/a Narconon Chilocco New Life Center

("Narconon Arrowhead") is a Non-Profit Corporation organized under the laws of the State of Oklahoma, with its principal place of business located in Canadian, Oklahoma, doing business in the State of Oklahoma, Pittsburg County.

5.      Defendant Narconon of Georgia, Inc. is a Non-Profit Corporation organized under the laws of the State of Georgia, with its principal place of business located in Carrollton, Georgia.

6.      Defendant Pita Group, Inc. is a Non-Profit Corporation organized under the laws of the State of Oklahoma, with its principal place of business located in McAlester, Oklahoma, doing business in the State of Oklahoma, Pittsburg County.

7.      Defendant Narconon – Hawaii is a Non-Profit Corporation organized under the laws of the State of Hawaii, with its principal place of business located in Kapolei, Hawaii.

8.      Defendant Friends of Narconon International ("Friends of Narconon") is a Non-Profit Corporation organized under the laws of the State of California, with its principal place of business located in Pasadena, California.

9.      Defendant Narconon of Northern California d/b/a Narconon Vista Bay d/b/a Narconon Redwood Cliffs ("Narconon Vista Bay") is a Non-Profit Corporation organized under the laws of the State of California, with its principal place of business located in Watsonville, California.

10.      Defendant Premazon, Inc. is a For-Profit Corporation organized under the laws of the State of California, with its principal place of business located in Seal Beach, California.

11.      Defendant Intervention Services and Technologies, Inc. d/b/a Intervention Services ("Intervention Services") is a For-Profit Corporations organized under the laws of the State of Indiana, with its principal place of business located in Lowell, Indiana.

12.     Defendant Narconon Spring Hill, Inc. d/b/a Suncoast Rehabilitation Center ("Narconon Spring Hill") is a Non-Profit Corporation organized under the laws of the State of Florida, with its principal place of business in Clearwater, Florida.

13.     Defendant Best Drug Rehabilitation, Inc. is a For-Profit Corporation organized under the laws of the State of Nevada, with its principal place of business in Manistee, Michigan.

14.     Defendant A Life Worth Living, Inc. d/b/a Narconon Colorado – A Life Worth Saving ("Narconon Colorado") is a Non-Profit Corporation organized under the laws of the State of Colorado, with its principal place of business in Fort Collins, Colorado.

15.     Defendant Narconon Fresh Start, Inc. ("Fresh Start") is a Non-Profit Corporation organized under the laws of the State of California, with its principal place of business in Glendale, California.

16.     Defendant Narconon South Texas, Inc. ("Narconon South Texas") is a Non-Profit Corporation organized under the laws of the State of Texas, with its principal place of business in Harlingen, Texas.

17.     Defendant Narconon Eastern United States, Inc. ("Narconon Eastern U.S.") is a Non-Profit Corporation organized under the laws of the State of Virginia, with its principal place of business in Clearwater, Florida.

18.     Defendant Association for Better Living and Education International ("ABLE") is a Non-Profit Corporation organized under the laws of the State of California, with its principal place of business in Los Angeles, California.

19.     Defendant Religious Technology Center ("RTC") is a Non-Profit Corporation organized under the laws of the State of California, with its principal place of business in Los Angeles, California.

20.     Defendant Narconon Trois-Rivieres is a charitable organization organized under the laws of the Country of Canada, with its principal place of business in Trois-Rivieres, Quebec, Canada.

21.     Defendant Narconon Freedom Center, Inc. ("Freedom Center") is a Non-Profit Corporation organized under the laws of the State of Michigan, with its principal place of business in Albion, Michigan.

22.     Defendant Narconon London d/b/a Narconon UK ("Narconon UK") is a limited company organized under the laws of the United Kingdom, with its principal place of business in West Sussex, United Kingdom.

23.     Defendant Narconon, Incorporated d/b/a Narconon Canada ("Narconon Canada") is a corporation organized under the laws of Canada, with its principal place of business in Toronto, Canada.

24.     Defendant Golden Millennium Productions, Inc. ("Golden Millennium") is a corporation organized under the laws of the State of California, with its principal place of business in Pasadena, California.

25.     Defendant International Academy of Detoxification Specialists is a Non-Profit Corporation organized under the laws of the State of California, with its principal place of business in Pasadena, California.

26.     Defendant the Virtual Workforce Co., Ltd. is a limited company organized under the laws of the United Kingdom, with its principal place of business in West Sussex, United Kingdom.

27.     Defendant Encognitive.com is a company organized under the laws of Canada, with its principal place of business in Edmonton, Alberta, Canada.

28.     Defendant GreatCircle Studios, LLC is a limited liability company organized under the laws of the State of Florida, with its principal place of business in Clearwater, Florida.

29.     Defendant Church of Scientology International is a corporation organized under the laws of the State of California, with its principal place of business in Los Angeles, California.

30.     Defendant Royalmark Management, Inc. is a corporation organized under the laws of the State of California, with its principal place of business in Pasadena, California.

31.     Upon information and belief, Defendant Gary W. Smith currently is a resident and citizen of Canadian, State of Oklahoma.

32.     Upon information and belief, Defendant Derry Hallmark currently is a resident and citizen of Canadian, State of Oklahoma.

33.     Upon information and belief, Defendant Rebecca Pool currently is a resident and citizen of Boston, State of Massachusetts.

34.     Upon information and belief, Defendant Janet Watkins currently is a resident and citizen of Canadian, State of Oklahoma.

35.     Upon information and belief, Defendant Tom Widman currently is a resident and citizen of Canadian, State of Oklahoma.

36.     Upon information and belief, Defendant Vicki Smith currently is a resident and citizen of Canadian, State of Oklahoma.

37.     Upon information and belief, Defendant Michael Otto currently is a resident and citizen of Canadian, State of Oklahoma.

38.     Upon information and belief, Defendant Michael J. Gosselin currently is a resident and citizen of Canadian, State of Oklahoma.

39.     Upon information and belief, Defendant Kathy Gosselin currently is a resident and citizen of Canadian, State of Oklahoma.

40.     Upon information and belief, Defendant Michael George currently is a resident and citizen of Canadian, State of Oklahoma.

41.     Upon information and belief, Defendant Kent McGregor currently is a resident and citizen of McAlester, State of Oklahoma.

42.     Upon information and belief, Defendant James McLaughlin currently is a resident and citizen of Houston, Texas.

43.     Upon information and belief, Defendant Robert "Bobby" Newman currently is a resident and citizen of Ewa Beach, State of Hawaii.

44.     Upon information and belief, Defendant Joseph Sauceda currently is a resident and citizen of Harlingen, State of Texas.

45.     Upon information and belief, Defendant Robert J. Hernandez currently is a resident and citizen of Pasadena, State of California.

46.     Upon information and belief, Defendant Robert "Bobby" Wiggins currently is a resident and citizen of Glendale, State of California.

47.     Upon information and belief, Defendant Jonathan Beazley currently is a resident and citizen of Capitola, State of California.

48.     Upon information and belief, Defendant Nicholas Bailey currently is a resident and citizen of Watsonville, State of California.

49.     Upon information and belief, Defendant Joseph Guernaccini currently is a resident and citizen of Watsonville, State of California.

50.     Upon information and belief, Defendant Kevin Lee currently is a resident and citizen of Lowell, State of Indiana.

51.     Upon information and belief, Defendant Sharon Kubacki currently is a resident and citizen of Highland, State of Indiana.

52.     Upon information and belief, Defendant Philip R. Kelly, II currently is a resident and citizen of Abington, State of Pennsylvania.

53.     Upon information and belief, Defendant Thomas Garcia currently is a resident and citizen of the State of Florida.

54.     Upon information and belief, Defendant Jason Burdge currently is a resident and citizen of Manistee, State of Michigan.

55.     Upon information and belief, Defendant Steven K. Bruno currently is a resident and citizen of Los Angeles, State of California.

56.     Upon information and belief, Defendant Clark Carr currently is a resident and citizen of Los Angeles, State of California.

57.     Upon information and belief, Defendant Dena G. Goad a.k.a Dena G. Boman currently is a resident and citizen of Bixby, State of Oklahoma.

58.     Upon information and belief, Defendant Michael DiPalma currently is a resident and citizen of Aptos, State of California.

59.     Upon information and belief, Defendant D. Eric Mitchell currently is a resident and citizen of Jonesboro, State of Arkansas.

60.     Upon information and belief, Defendant Shana Austin currently is a resident and citizen of Clearwater, State of Florida.

61.     Upon information and belief, Defendant Nick Hayes currently is a resident and citizen of Trois-Rivieres, Quebec, Canada.

62.     Upon information and belief, Defendant Scott Burgess currently is a resident and citizen of Trois-Rivieres, Quebec, Canada.

63.     Upon information and belief, Defendant David Miscavige currently is a resident and citizen of Los Angeles, State of California.

64.     Upon information and belief, Defendant Tibor Palatinus currently is a resident and citizen of Vancouver, British Columbia, Canada.

65.     Upon information and belief, Defendant Sylvain Fournier currently is a resident and citizen of Trois-Rivieres, Quebec, Canada.

66.     Upon information and belief, Defendant Nicholas Thiel currently is a resident and citizen of Battle Creek, State of Michigan.

67.     Upon information and belief, Defendant David S. Lee, III currently is a resident and citizen of Lowell, State of Indiana.

68.     Upon information and belief, Defendant Richard "Matthew" Hawk currently is a resident and citizen of Denham Springs, State of Louisiana.

69.     Upon information and belief, Defendant Marcel Gemme currently is a resident and citizen of Mascoocho, Quebec, Canada.

70.     Upon information and belief, Defendant Mary Rieser currently is a resident and citizen of Duluth, State of Georgia.

71.     Upon information and belief, Defendant Anthony Bylsma currently is a resident and citizen of Sylmar, State of California.

72.     Upon information and belief, Defendant Kenneth Pomerance currently is a resident and citizen of Sunrise, State of Florida.

73.     Upon information and belief, Defendant Richer Dumais currently is a resident and citizen of Montreal, Quebec, Canada.

74.     Upon information and belief, Defendant James "Jim" Woodworth currently is a resident and citizen of Harahan, State of Louisiana.

75.     Upon information and belief, Defendant Carl Smith currently is a resident and citizen of Pasadena, State of California.

76.     Upon information and belief, Defendant Desiree Cardoso currently is a resident and citizen of Warner Springs, State of California.

77.     Upon information and belief, Defendant Jonathan Moretti currently is a resident and citizen of Long Beach, State of California.

78.     Upon information and belief, Defendant Michael St. Amand currently is a resident and citizen of Eufaula, State of Oklahoma.

79.     Upon information and belief, Defendant Cheryl Williams currently is a resident and citizen of Trois Rivieres, Quebec, Canada.

80.     Upon information and belief, Defendant Marc Bernard currently is a resident and citizen of Trois Rivieres, Quebec, Canada.

81.     Upon information and belief, Defendant Glen Petcavage currently is a resident and citizen of Fort Collins, State of Colorado.

82.     Upon information and belief, Defendant Martin Gamsby currently is a resident and citizen of Montreal, Quebec, Canada.

83.     Upon information and belief, Defendant Daphna Hernandez currently is a resident and citizen of Pasadena, State of California.

84.     Upon information and belief, Defendant Luria K. Dion a.k.a Kathy Dion ("Kathy Dion") currently is a resident and citizen of Altadena, State of California.

85.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116 and 1121, 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

86.     This Court has personal jurisdiction over Defendants because Defendants Narconon International, Narconon Arrowhead, Pita Group, Inc., Gary W. Smith, Derry Hallmark, Janet Watkins, Tom Widmann, Vicki Smith, Michael Otto, Michael J. Gosselin, Kathy Gosselin, Michael George, Kent McGregor, Dena G. Goad a.k.a. Dena G. Boman, and Michael St. Amand reside within this District, have their principal place of business is within this District, regularly transact and conduct business within this District, and otherwise have made or established contacts with this District sufficient to permit the exercise of personal jurisdiction. Personal jurisdiction exists over all Defendants because they purposefully directed their continuous and systematic activities at the forum state through the maintenance and operation of active websites to engage individuals in the forum state, which constitutes the requisite minimum contacts.   Additionally, personal jurisdiction exists over all Defendants due to Defendants' participation in a civil conspiracy with its co-Defendants located in this forum.

87.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b), and (c), because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this District, and because Defendants have sufficient connection with this District.

### *FACTUAL BACKGROUND AND ALLEGATIONS*

### **NAFC Backgrounds and Trademarks**

88.     NAFC is a Certification Board providing nationally accredited certifications for professionals working with criminal offenders in the fields of criminal justice, corrections, addictions and mental health.

89.     NAFC offers certifications, as developed by ACCFC, for the specialties of Forensic Counseling and Addictions.

90.     Relevant to the claims alleged herein, NAFC holds the Addiction Specialty Certifications, including:

a.   Master Addictions Counselor ("MAC")

b.   Certified Chemical Dependency Counselor ("C.C.D.C.")

c.   Certified Forensic Addictions Specialist ("CFAS"), formerly known as Certified Forensic Addictions Examiner ("CFAE").

d.   Certified Criminal Justice Addictions Specialist ("CCJAS")

e.   Certified Co-Occuring Disorder Specialist ("CCODS")

f.   Baccalaureate Addictions Counselor ("BAC")[1].

91.     The Certifications of MAC, C.C.D.C. and CFAS have been nationally accredited through the National Commission for Certifying Agencies ("NCCA"), which increased the professional and marketable value of the Certifications.

92.     NAFC is the parent corporation of Plaintiff ACCFC, such that ACCFC's existence is entirely dependent upon the existence and operation of NAFC.

93.     Similarly, NAFC requires the ACCFC for the development of various certification activities and could not continue its existence if the ACCFC ceased to exist.

---

[1] NAFC no longer offers the BAC certification, but continues to honor previous certifications that are maintained as required.  NAFC reserves the right to reactivate and offer this certification in the future.

94.     ACCFC is a for-profit corporation and the income producing/expense paying entity (i.e. holds all financial accounts) for NAFC, which produces zero income and pays no expenses.

95.     ACCFC is the Certification Commission of NAFC, which develops the standards, requirements, various committees, certification development, periodic review of certification requirements, etc. for NAFC certifications.

96.     In order to become certified through one of NAFC's certification programs, an **individual** must meet certain requirements depending on the type of certification.

97.     For example, to receive a nationally accredited Addictions Specialty Certification, the applicant must have a Masters degree or higher from an accredited educational institution, an active state license in good standing (unless exempted through legislation, or otherwise part of a field that has no professional licensure), one hundred eighty (180) hours of formal training in alcohol/drugs, i.e. treatment, prevention, education, etc., three years (or 6,000 hours) [or two years (4,000 hours) for non-clinical] of supervised full time professional experience in the profession, no misdemeanor or felony arrests for any sexual or violent offense, no reprimands or suspensions of the state license, no previously suspended or revoked NAFC certifications, and must successfully pass the NAFC certification examination.

98.     Non-nationally accredited certifications do not require a Masters degree, but instead have non-clinical and clinical requirements.

99.     The C.C.D.C. did not always require a Masters degree, but instead the requirements have evolved with the field, other boards, or as State regulations were revised.

100.    Individuals receiving the C.C.D.C. prior to the revisions with a Masters'
requirement were "grandfathered" in, provided they maintained current, active and in good
standing certifications.

101.    Additionally, the Applicant must complete an Affidavit attesting to the following
relevant facts:

      a.    To read and stay apprised of the NAFC Ethical Standards and Code of Conduct,
           Policies and Procedures, Candidate Handbook, Use of the NAFC Logo Terms,
           Affidavit, and all other Terms and Conditions located on the NAFC website.

      b.    To report within thirty (30) days of notification and update monthly on any formal
           charge, complaint, investigation, arrest or conviction related to a criminal act or
           ethical violation, or any professionally related civil action, civil litigation, or
           investigation.

102.    Under the terms of the Candidate Handbook Section 11.0, a member can only
advertise or display NAFC certifications that are current.

103.    NAFC does not recognize, accredit, endorse, promote, or approve entire
organizations and/or facilities and/or programs.

104.    Once an individual obtains a certification, he or she remains active for one (1)
year barring any revocations or suspensions by NAFC.

105.    Thereafter, a member may renew the certification by paying the annual
recertification fee, obtaining twenty (20) continuing education units annually, maintaining an
active state license in good standing (unless exempt from licensure), and agreeing to abide by the
NAFC Ethical Standards, Code of Conduct, Candidate Handbook, Policies and Procedures, use
of the NAFC Logo Terms, Application Affidavit, and all other terms of membership.

106.    As part of its certification services, NAFC has designed a logo, which has been used to symbolize NAFC certifications.

107.    The Terms of Use of the NAFC Logo (the "Logo") include the following:

a.  To use the Logo, a "Use of the NAFC Logo Request Form" must be completed.

b.  The Logo may only be used by currently Certified professionals.

c.  The party must cease use and remove the Logo upon notification of NAFC and/or the expiration, suspension, revocation, or status other than active and in good standing of any certification.

d.   Upon approval of the Logo Request Form, the Logo will be emailed to the applicant, who can only display the Logo in the size provided or smaller.

e.  If the Logo is used on a website, it must be displayed smaller than the member's company logo, cannot be displayed as a dominant focal point, and must be embedded with the link to www.nationalafc.com.

f.  Restricted use of the NAFC logo is permitted on printed materials, business cards and websites only upon completion of the NAFC Logo Request form, must be displayed smaller than the user's logo, and cannot be displayed as a dominant focal point in either placement or size.

g.  Continued use of the logo is only permitted if the Logo Request Form is resubmitted each year with the individual's certification renewal.

h.  Use of the Logo represents an individuals certifications as well as a reflection to the public and other professionals of the caliber of professionals certified by the NAFC.

108.    This logo, depicted below, is recognized throughout the industry and is closely associated with NAFC and bears NAFC's trademarked name.



109.    NAFC is the owner of federal trademark <u>NATIONAL ASSOCIATION OF FORENSIC COUNSELORS</u>, Registration No. 3585933, filed May 14, 2008 (the "Mark").

**Defendants Misuse of NAFC Mark, Certifications and Logos**

110.    Paragraphs 1 through 109 are hereby incorporated by reference in their entirety.

111.    For the purposes of this Complaint, the Narconon Network shall mean the drug rehabilitation facilities, treatment centers, referral and intervention entities and individuals who utilize the technology of L. Ron Hubbard in drug treatment as a fundraising and recruitment program of the Defendant Church of Scientology.

112.    Defendants Narconon Arrowhead, Narconon of Georgia, Inc., Narconon – Hawaii, Narconon Vista Bay, Narconon – Hawaii, Narconon Spring Hill, Best Drug Rehabilitation, Narconon Colorado, Narconon Fresh Start, Narconon South Texas, Narconon Eastern U.S., Narconon Trois-Rivieres, Freedom Center, Narconon UK, and Narconon Canada (collectively "Narconon Treatment Centers") are all drug treatment and rehabilitation facilities operating as a part of the Narconon Network run by Narconon International.

113.    Defendants Pita Group, Inc., Intervention Services, Dena Goad a.k.a. Dena Boman, Kent McGregor, Robert "Bobby" Wiggins, Kevin Lee, Sharon Kubacki, Steven Bruno, and David S. Lee, III (collectively "Narconon Referral Entities") are all drug treatment and intervention entities and individuals which operate websites for the purpose of referring business to Narconon Treatment Centers in exchange for a referral fee.

114.    Defendant Narconon International is a subsidiary of ABLE.

115.    Narconon International, ABLE, Friends of Narconon, David Miscavige, RTC, and Church of Scientology International operate a common scheme with the Narconon Treatment Centers, the Narconon Referral Entities and the individual Defendants to promote the Narconon Network through the misuse of NAFC logos, trademarks and certifications.

116.    Defendant ABLE continues to publish numerous documents supporting the Narconon Treatment Centers and its counselors, falsely referencing the C.C.D.C. certifications of certain individuals, including Defendants Gary W. Smith and Clark Carr.

117.    Additionally, ABLEcanada1@gmail.com is listed as the contact e-mail address for the following Narconon domains: www.narconon.ca, www.news.narconon.ca, www.narconon.bc.ca, and www.narconon.on.ca.

118.    Www.news.narconon.ca falsely advertises Nick Hayes as certified chemical dependency counselor with Narconon Trois Rivieres, despite the expiration of his certification in February 2009.

119.    One of the programs set forth by Narconon International is the marketing program using NAFC credentials (regardless of veracity) to bolster Narconon Treatment Centers and counselors' credibility within the Narconon Network.

120.    The individual Defendants have used the NAFC credentials by listing certifications after Defendants' names, despite the revocation, suspension, expiration or lack of certification.

121.    Additionally, the individual Defendants maintain websites that do not provide any names of certified individuals, but instead use the certifications and/or NBAE and NAFC names/logos to imply and mislead that they are unbiased, certified referral services.

122.    These misleading websites are registered either to employees of various Narconon Treatment Centers, the Narconon Treatment Centers themselves, the Narconon Referral Entities or otherwise claimed on Narconon's IRS 990 Tax Forms.

123.    The Narconon Treatment Centers, Narconon Referral Entities and the individual Defendants operate over 400 websites containing purported certifications of staff members that, in reality, have been suspended, revoked, or never existed or otherwise have improperly used the NAFC credentials by referencing the facilities numerous (unnamed) C.C.D.C. certified counselors and promising "consultation by a Certified Chemical Dependency Counselor" to anyone calling an 800 number.

124.    Defendants falsely claim to have a "full staff" of Certified Chemical Dependency Counselors.

125.    Additionally, Defendants' websites have posted the NAFC Logo without consent, an altered version of the logo, and an altered version of a defunct certificate.

126.    As recently as March 2013, Defendant Narconon Arrowhead falsely advertised that "National Board of Addiction Examiners (NBAE) recognized Narconon Arrowhead for their facility location, and for their world-class staff. 'Know that at Narconon Arrowhead you have found the best place possible,' says a National Board of Addiction Examiners spokesman." and uses this false quote under its facility description.

127.    Defendant Gary Smith continues to advertise himself as C.C.D.C. on Narconon Arrowhead's website under its program description video, which is also posted on other Narconon Arrowhead owned websites, such as www.stopaddiction.com.

128.    Additionally, www.addiction2.com, which is owned and operated by Defendants Derry Hallmark and Narconon Arrowhead, continues to post an altered version of the defunct NBAE Certificate on the credential page for Defendant Narconon Arrowhead.

129.    Defendants Narconon of Georgia, Narconon Arrowhead, Dena Boman, GreatCircle Studios and Derry Hallmark advertise through multiple websites that "[t]he primary counselors are accredited by the National Board of Addiction Examiners as Certified Chemical Dependency Counselors."

130.    Additionally, Narconon of Georgia falsely used the NAFC logo on 122 web pages under Narconon of Georgia's URL drugrehabhelp.net.

131.    Defendant Narconon Vista Bay advertises itself as "belonging to the National Association of Forensic Counselors," as "Accredited" and used an altered version of the NAFC logo.

132.    Additionally, Defendant Narconon Vista Bay used the altered NAFC logo as recently as February, 2013 and claims of C.C.D.C. certification as recently as April 2013, despite the counselors' expirations dating back to 2008.

133.    The Logo had been attached without completion of the necessary forms and without consent of NAFC.

134.    Defendant Narconon Vista Bay continues to falsely advertise that over 35% of the staff are C.C.D.C.s or RASs on its websites www.redwoodcliffsrehab.com and www.narcononvistabay.com, while also claiming to have 9 C.C.D.C.s, 2 BACs, 1 DAC and 1 MAC on its company page on LinkedIn.

135.    The Logo has been attached without the correct link or with a link to www.nafc.org, which is a website for incontinence.

136.    Defendants have advertised that NAFC has accredited the Narconon Treatment Centers, which NAFC does not do.

137.    Defendant Gary Smith, through Defendant Narconon Arrowhead and Defendant Narconon International, social media sites and numerous other publications, continues to advertise himself as a C.C.D.C., despite his revocation on March 1, 2013 and his receipt of notifications to cease and desist dated March 1, 2013 and May 6, 2013.

138.    Defendant Gary Smith's advertisement as C.C.D.C. on Facebook did not cease until after the McAlester News Capital published an article on March 27, 2013 concerning the revocation.

139.    Additionally, Defendant Gary Smith has failed to return his C.C.D.C. certificate and wallet cards as required by his revocation.

140.    Defendant Michael St. Amand continues to advertise himself as C.C.D.C., despite the revocation of his certification on March 7, 2013.

141.    Defendant Nick Hayes advertises himself as C.C.D.C. despite the expiration of his certification on February 28, 2009.

142.    Defendant Derry Hallmark, through Defendant Narconon Arrowhead, advertises himself as C.C.D.C., when in reality his certification expired on February 28, 2010.

143.    Additionally,  Hallmark  operates  and  has  registered  the  website www.addiction2.com through the apparently unregistered and unincorporated entity Addiction Assistance.

144.    Addiction Assistance's website lists the false C.C.D.C. credentials for Defendants Derry Hallmark, Gary W. Smith, Michael J. Gosselin, Kathy Gosselin, and Michael St. Amand.

145.    Defendant Rebecca Pool, through Defendant Narconon Arrowhead, advertises herself as BAC, when in reality her certification expired on February 28, 2011.

146.    Defendant Janet Watkins, through Defendant Narconon Arrowhead, advertises herself as C.C.D.C., when in reality NAFC has no record of her certification.[2]

147.    Defendant Tom Widman, through Defendant Narconon Arrowhead, advertises himself as C.C.D.C., when in reality NAFC has no record of his certification.

148.    Defendant Vicki Smith, through Defendant Narconon Arrowhead and in her position as Senior Case Manager, advertises herself as MAC, when in reality her certification expired on July 30, 2010.

149.    Defendant Michael Otto, through Narconon Arrowhead and on a personal blogging website kayakotto-drugfree.blogspot.com, advertises himself as C.C.D.C., when in reality his certification expired on November 30, 2012.

150.    As recently as March 12, 2013, Defendant Michael Otto continued to use the C.C.D.C. designation after his name in the signature line of his professional e-mail communications.

151.    Additionally, Defendant Otto was denied reinstatement due to his refusal to submit to NAFC proceedings or respond to formal complaints and his continued advertisement of C.C.D.C. after expiration.

152.    Defendant Otto continues to advertise himself as a C.C.D.C., despite his receipt of notification to cease and desist dated March 18, 2013 and May 6, 2013.

---

[2] NAFC maintains all current certifications and a database of all certifications that have been suspended or been revoked. NAFC also maintains a database of certifications that have expired within the last five (5) years.

153.    Additionally, Defendant Otto has failed to return his C.C.D.C. certificate and wallet cards as required by his revocation.

154.    Defendant Michael J. Gosselin, through Narconon Arrowhead, advertises himself as C.C.D.C., when in reality his certification was revoked on April 16, 2013.

155.    Defendant M. Gosselin continues to advertise himself as a C.C.D.C., despite his receipt of notification to cease and desist dated April 16, 2013 and June 10, 2013 and has failed to return his C.C.D.C. certificate as required by his revocation.

156.    Defendant Kathy Gosselin, through Narconon Arrowhead, advertises herself as C.C.D.C., when in reality her certification was revoked on March 5, 2013.

157.    Defendant K. Gosselin continues to advertise herself as a C.C.D.C., despite her receipt of notification to cease and desist dated March 5, 2013 and May 6, 2013, and has failed to return her C.C.D.C. certificate and wallet cards as required by her revocation.

158.    Defendant Michael George, through Narconon Arrowhead as well as professionally through LinkedIn, advertises himself as C.C.D.C., when in reality his certification expired on August 30, 2012.

159.    Defendant The Pita Group, Inc. falsely claimed on its website that it had the authority to bestow the certificate of Certified Chemical Dependency Counselor in conjunction with NAFC.

160.    Additionally, The Pita Group, Inc.'s company Facebook page continues to falsely advertise: "The PITA Group Inc. developed the Prevention Certification Program for the State of Colorado and has bestowed the certificate of Certified Chemical Dependency Counselor to over two hundred professionals since 1996 in conjunction with the National Association of Forensic Counselors." https://www.facebook.com/pitaprofessionalconsulting/info?ref=stream.

161.    Defendant Kent McGregor, through Defendant The Pita Group, Inc., Defendant Narconon Colorado, and professionally through LinkedIn, falsely advertises himself as C.C.D.C. and as Masters Addictions Social Work Counselor through the National Association of Forensic Counselors, Board of Chemical Dependency Counselors, when in reality NAFC has no record of his certification.

162.    Defendant McGregor also owned and operated the website www.national-drug-rehab-treatment-centers.org, which falsely advertised Defendant McGregor as M.A.C. (despite his lack of certification), Defendant D. Eric Mitchell as C.C.D.C. (despite his suspension in April 2013 and revocation in May 2013), and Defendant Shana Austin (despite her lack of certification).

163.    Additionally, Defendant McGregor falsely claims he "is a Diplomate [*sic*] on the Board of Addiction Examiners, DBAE, through the National Association of Forensic Counselors, Board of Chemical Dependency Counselors." There is no such board.

164.    Defendant James McLaughlin ("McLaughlin") continues to falsely advertise on www.faithdrugrehab.com and www.askrev1st.org that he is a M.A.C., despite the fact that his certification expired on June 30, 2011.

165.    Defendant McLaughlin also falsely advertises himself as a "Diplomat of the Board of Addiction Examiners, DBAE."

166.    Additionally, Defendant McLaughlin is currently offering workshops to provide training to become a Certified Chemical Dependency Counselor on the website www.faithdrugrehab.com.

167.    Underneath the workshop information on the www.faithdrugrehab.com website is the Narconon Arrowhead logo, listing Narconon Arrowhead's partnership with the Department

of Church Growth and Development of the AMEC as well as contact information in Oklahoma and through Defendant McLaughlin.

168.    Plaintiffs never authorized such workshops, nor are the workshops an approved method for an individual to become a C.C.D.C.

169.    Defendants Derry Hallmark and Narconon Arrowhead own and operate the website www.faithdrugrehab.com, which falsely posts the credentials of Defendant McLaughlin as M.A.C. (despite its expiration in June 2011) and DBAE (which does not exist), and which falsely advertises the ability to become C.C.D.C. through the unauthorized and unapproved workshops.

170.    NAFC does offer a type of "Diplomate" designation, however Defendants McGregor and McLaughlin are not Diplomates.

171.    Defendant Glen Petcavage owns and operates the website narcononcolorado.org, which promises a call back from a Certified Chemical Dependency Counselor and continues to post the false credentials of Gary Smith as C.C.D.C. despite its revocation in March 2013.

172.    Defendant Robert "Bobby" Newman, through Defendant Narconon – Hawaii, advertises himself as C.C.D.C., when in reality NAFC has no record of his certification.

173.    Defendant Joseph Sauceda, through Defendant Narconon Fresh Start, advertises himself as C.C.D.C., when in reality NAFC has no record of his certification.

174.    Additionally, Defendant Joseph Sauceda has posted a Border Patrol Appreciation Certificate, which was issued to "Joseph Sauceda C.C.D.C." on October 11, 2011, which shows that he falsely represented himself to the Border Patrol as C.C.D.C. despite his lack of certification.

175.    Defendant Michael DiPalma continues to advertise himself as C.C.D.C. on LinkedIn and as a "Certified Chemical Dependency Counselor" on Defendant Narconon International's website, when in reality his certification was revoked on May 23, 2013.

176.    Defendant Robert J. Hernandez continues to advertise himself as C.C.D.C., when in reality his certification expired on August 30, 2013.

177.    Defendant Robert J. Hernandez, as President of Defendant Golden Millennium, also advertises Defendant Gary W. Smith's as C.C.D.C. on Golden Millennium's website www.getcured.org.

178.    Defendant Golden Millennium's website www.getcured.org sits on the same servers (NS1.ROYALSTARHOSTING.COM and NS2.ROYALSTARHOSTING.COM) as the website www.friendsofnarconon.org.

179.    Defendant Friends of Narconon International owns and operates the website www.friendsofnarconon.org, which falsely advertises Defendant Bobby Wiggins as C.C.D.C., despite its expiration in December 2012.

180.    Defendant Bobby Wiggins, through Defendant Friends of Narconon International, advertises himself as C.C.D.C., when in reality his certification expired on December 30, 2012.

181.    Defendant Daphna Hernandez is a co-founder and board member of Defendant Friends of Narconon International.

182.    Defendant Daphna Hernandez operates an unregistered organization in the State of California entitled Life Coaching Masters, wherein she continues to advertise herself on its website www.lifecoachingmasters.com as C.C.D.C., despite the expiration of her certification on August 30, 2013.

183.    In her application to NAFC for certification, Defendant Daphna Hernandez never disclosed her employment or job title with Life Coaching Masters.

184.    The website www.lifecoachingmasters.com, which falsely posts Defendant Daphna Hernandez's certification information despite its expiration in August 2013, is owned and operated by Defendant Robert J. Hernandez and Defendant Royalmark Management, Inc.

185.    Additionally, Defendant Daphna Hernandez falsely advertises herself as C.C.D.C., despite its expiration in August 2013, on the following additional websites: www.youtube.com,        www.friendsofnarconon.com,        www.methadonedetoxforum.com, www.drugtreatmentcentersmilwaukee.com, and www.drugtreatmentcenterswashingtondc.com.

186.    Defendant GreatCircle Studios, LLC owns and operates the website www.drugrehabthatworks.com, which falsely advertises, "The primary counselors are accredited by the National Board of Addiction Examiners as Certified Chemical Dependency Counselors."

187.    The   website   www.drugrehabthatworks.com   is   on   the   servers NS1.GREATCIRCLESTUDIOS.NET and NS2.GREATCIRCLESTUDIOS.NET.

188.    Also   on   the   same   servers   NS1.GREATCIRCLESTUDIOS.NET   and NS2.GREATCIRCLESTUDIOS.NET is the website www.narcononeastus.org, which falsely advertises Defendant Gary Smith as C.C.D.C. despite his revocation in March 2013.

189.    Defendant Jonathan Beazley, through Defendant Narconon Vista Bay as well as professionally on LinkedIn, previously, falsely advertised himself as C.C.D.C., when in reality his certification expired on December 30, 2012.

190.    Additionally, Defendant Jonathan Beazley continues to falsely advertise himself on Narconon International's website as a "Certified Chemical Dependency Counselor", despite its expiration in December 2012.

191.    Defendant Nick Bailey, through Defendant Narconon Vista Bay as well as professionally on LinkedIn, falsely advertises himself as C.C.D.C., when in reality his certification expired on December 30, 2008.

192.    Defendant Joseph Guernaccini, through Defendant Narconon Vista Bay, falsely advertises himself as C.C.D.C., when in reality his certification expired on December 30, 2008.

193.    Defendant Kevin Lee, through Defendant Intervention Services, falsely advertises himself as C.C.D.C., when in reality his certification expired on August 30, 2011.

194.    Defendant Sharon Kubacki, through Defendant Intervention Services, falsely advertises herself as C.C.D.C., when in reality NAFC has no record of her certification.

195.    Defendant Intervention Services falsely advertises an individual by the name of Benjamin Whitaker as C.C.D.C., when in reality NAFC has no record of this individual or his certification.

196.    Defendant Philip R. Kelly, II, through Defendant Intervention Services, falsely advertises himself as C.C.D.C., when in reality NAFC has no record of his certification.

197.    Defendant Thomas Garcia, through Defendant Narconon Spring Hill, falsely advertises himself as CFAE, when in reality his certification expired on May 30, 2009 and the CFAE certification ceased to exist after it was changed to CFAS in March of 2012.

198.    Defendants D. Eric Mitchell continue to falsely advertise himself as C.C.D.C. on www.national-drug-rehab-treatment-centers.org (which is owned and operated by Defendant McGregor), when in reality his certification was suspended on April 15, 2013 and revoked on May 16, 2013.

199.    Defendant Shana Austin continues to falsely advertised herself as C.C.D.C. on www.national-drug-rehab-treatment-centers.org (which is owned and operated by Defendant McGregor), when in reality NAFC has no record of her certification.

200.    Defendant Scott Burgess continues to falsely advertise himself as C.C.D.C. on several websites, despite the fact that his certification expired on February 28, 2009.

201.    Defendant   Nicholas   Thiel   owns   and   operates   the   website www.freedomtreatmentcenter.wordpress.com, which falsely advertises the Freedom Treatment Center's "NBAE Certified Chemical Dependency Counselors".

202.    Defendant Richard Matthew Hawk in conjunction with Narconon Georgia, owns and   operates   the   websites   www.drugrehabhelp.net,   www.drugsno.com, www.atlantarecoverycenter.com, www.narcononworks.com, which falsely advertise "[t]he primary counselors are accredited by the National Board of Addiction Examiners as Certified Chemical Dependency Counselors", post the unauthorized NAFC logo and name, falsely list Defendant Mary Rieser as C.C.D.C. despite her revocation in February 2013, and falsely offers the ability to speak to a certified chemical dependency counselor.

203.    Defendant Mary Rieser continues to falsely advertise herself as C.C.D.C. on several websites, despite the fact that her certification was revoked on February 26, 2013.

204.    Defendant Marc Bernard continues to falsely advertise himself as C.C.D.C. on several websites, despite the fact that his certification expired on February 28, 2009.

205.    Defendant Anthony Bylsma owns and operates the website www.drug-prevention.org, which continues to post the false credentials of Defendant Gary W. Smith as C.C.D.C., despite his revocation in May 2013.

206.    Defendant   Kenneth   Pomerance   owns   and   operates   the   website www.addictionrehabfinder.com, which continues to post the false credentials of Derry Hallmark as C.C.D.C. despite its expiration in 2010.

207.    Defendant Sylvain Fournier continues to advertise himself as C.C.D.C. on several websites, despite the fact that his certification expired on May 30, 2009.

208.    Defendant Richer Dumais ("Dumais"), through the apparently unregistered and unincorporated entity Drug Rehab Network, owns and operates the website www.godrugfree.org, which posted the false credentials of Defendant Sylvain Fournier as C.C.D.C., despite its expiration in 2009.

209.    Defendant Tibor Palatinus ("Palatinus") continues to advertise himself as C.C.D.C. on several websites, despite the fact that his certification expired on June 30, 2009.

210.    Palatinus also owns and operates a number of websites, including www.narconon-vancouver.org, www.detox-narconon.org, and www.drugrehabadvisor.com, wherein he continues to post his false credentials as C.C.D.C. despite its expiration in 2009.

211.    Defendant   Encognitive.com   owns   and   operates   the   website www.encognitive.com, which posts the false credentials of Defendant Palatinus, despite its expiration in 2009.

212.    Defendant Cheryl Williams ("Williams") began falsely advertising herself as C.C.D.C. as early as 2006, despite the fact that she did not receive her certification until 2008, and continues to falsely advertise herself as C.C.D.C., despite the fact that her certification expired on May 30, 2009.

213.    Williams used the false C.C.D.C. credentials in an article entitled "Scientific and Medical Accuracy of the Narconon Drug Rehab Program," which was printed and still exists in a

news release on www.prnewswire.com on October 2, 2006 for the purposes of bolstering the credibility of the Narconon Trois-Rivieres program.

214.     Defendant Marcel Gemme continues to advertise himself as C.C.D.C. on several websites, despite the fact that his certification expired on June 30, 2009.

215.     Defendant Jonathan Moretti and Defendant Premazon, Inc. own and operate the website www.drug-rehabprogram.com, which posts the false credentials of Marcel Gemme, despite its expiration in 2009.

216.     Defendant James "Jim" Woodworth continues to advertise himself as C.C.D.C. on several websites, despite the fact that his certification expired on March 30, 2013.

217.     Defendant Carl Smith, through the apparently unregistered and unincorporated entity Defendant International Academy of Detoxification Specialists, owns and operates the website www.nydetox.org, which posts the false credentials of Defendant Jim Woodworth as C.C.D.C., despite its expiration in early 2013.

218.     Defendant Desiree Cardoso ("Cardoso") continues to advertise herself as a Master Addictions Counselor ("MAC"), despite the fact that her certification expired on February 28, 2009.

219.     As recently as October 13, 2013, a video interview of Cardoso, wherein she is identified as MAC, was posted on the website www.help-with-addiction.com, despite her expiration over four (4) years prior.

220.     Defendant Martin Gamsby owns and operates the website www.help-with-addiction.com, which uploaded the video interview referenced above of Defendant Cardoso on October 13, 2013 and continues to post her false credentials as MAC, despite its expiration in February 2009.

221.    Defendant Jason Burdge, previously through Narconon Arrowhead and currently through Defendant Best Drug Rehabilitation, Inc., advertises himself as C.C.D.C., when in reality his certification expired in August 2010.

222.    Defendant Burdge posted a scanned copy of his NAFC Certificate on Defendant Best Drug Rehabilitation, Inc.'s website for over a year after leaving Narconon Arrowhead and the expiration of his certification.

223.    Additionally, Defendant Burdge submitted a falsified application to NAFC in 2013 falsely claiming he holds an Oklahoma license and certification.   His application was denied on April 1, 2013.

224.    Defendant Steven K. Bruno ("Bruno") advertises himself as C.C.D.C., when in reality NAFC has no record of his certification.

225.    Additionally, Bruno operates certain URLs, including but not limited to www.morethanhope.com and www.intervention.pro which post an impermissibly altered NAFC logo without consent (for the alterations and the use) and which improperly links to an incontinence website rather than the NAFC page.

226.    Defendant Clark Carr ("Carr"), through Defendant Narconon International, advertises himself as C.C.D.C., when in reality his certification expired on November 30, 2012.

227.    Additionally, it has recently been discovered that Carr began advertising himself as a C.C.D.C. at least four (4) months prior to his initial NAFC certification.

228.    Plaintiffs recently learned that Carr falsely advertised himself as a C.C.D.C. in an article published in the San Francisco Editorial prior to even applying for his C.C.D.C..

229.    Defendant The Virtual Workforce Company, Ltd. owns and operates the website www.narconon-drug-education.org.uk, which posts the false credentials of Defendant Carr as C.C.D.C., despite his expiration in 2012.

230.    Defendant Kathy Dion continues to falsely advertise herself as C.C.D.C., despite her expiration on February 28, 2009.

231.    In 2014, Defendant ABLE published an issue of "Solutions" magazine, which included an interview with Defendant Dion and falsely credits Defendant Dion as being a Certified Chemical Dependency Counselor, despite her expiration in February 2009.

232.    Defendant Dena G. Goad a.k.a. Dena G. Boman ("Goad") is a former graduate of the Narconon Arrowhead program.

233.    After graduation from the program, Goad began operating a series of websites in order to refer potential patients to the Narconon Treatment Centers.

234.    Goad currently operates numerous URLs to attract potential Narconon Treatment Center patients, including but not limited to: www.drugrehabandtreatmentcenters.org, www.crackcocaineaddict.org, www.texasrehabcenters.net, www.heroinaddictionrehab.org, www.addictiontreatmentoklahoma.org, www.drugrehabcentersingliss.com, www.drugrehabinpatient.org, www.methrehab.org, www.cocainedrugrehabs.com, www.drugaddictionheroin.org, www.treatmentsolutionsnow.com, and www.tulsadrugrehabcenters.com.

235.    Each of Goad's URLs provides links to each of the fifty States and cities within those States with each page falsely claiming (a) "[O]ur trained counselors are Certified Chemical Dependency Counselors," (b) "Call 1-877-212-2070 to speak to a Certified Chemical

Dependency Counselor today, don't wait," and (c) "Drug Rehab Referral Certified Chemical Dependency Counselor."

236. Goad's NAFC Certification was suspended on April 1, 2013 and subsequently revoked on May 23, 2013, both via letters demanding Goad cease and desist from the improper use of the certification.

237. For her referrals, Goad received payment from Narconon Arrowhead in 2008 of $161,757.00, which has grown to $250,455.00 in 2011.

238. Defendant Narconon Arrowhead advertises itself as being accredited by the National Board of Addiction Examiners ("NBAE"), which has not functioned since 2006 and which never accredited facilities or programs as a whole.

239. NBAE was a short-lived sub-board under NAFC, which was developed to assist in the management of addiction certifications.

240. NBAE was created on March 25, 1996 and dissolved on October 18, 1999.

241. NBAE continued as a specialty subdivision under NAFC until 2006 when it was completely eliminated.

242. For one year NAFC honored the NBAE certificates until 2007 when new certificates were issued upon a member's renewal and the NBAE certificates were phased out.

243. Defendant Religious Technology Center ("RTC") is the entity holding the rights to use L. Ron Hubbard's name and writings as the self-proclaimed "Holder of the Dianetics & Scientology Trademarks".

244. RTC licensed the L. Ron Hubbard trademarks to Defendant Church of Scientology International and has allowed the Church of Scientology International to license all organizations of the religion of Scientology.

245.    Defendant David Miscavige ("Miscavige") is a Trustee and the Chairman of the Board of Defendant RTC.

246.    Defendant ABLE is a Scientology organization formed to expand all Scientology activities and organizations within a particular continental area, which, relevant hereto, involves promotion of the drug rehabilitation fields, such as the Narconon Network.

247.    Upon information and belief, RTC and ABLE strictly control Narconon as an arm of the Defendant Church of Scientology International through licensing agreements and L. Ron Hubbard's teachings.

248.    In order to promote Defendants Church of Scientology, RTC and the Narconon Treatment Centers, Miscavige spoke during an event transmitted via satellite from a packed Ruth Eckerd Hall in Clearwater, Florida concerning the NBAE certifications, falsely claiming:

     a.   That the NBAE certifications are a necessary prerequisite for counselors to obtain insurance and state or federal funding;

     b.   That NBAE was influenced by the L. Ron Hubbard drug rehab technology;

     c.   That Narconon executives have been accepted to the NBAE;

     d.   That Narconon executives have the authority to provide drug certifications;

     e.   That Narconon staff briefed the NBAE on L. Ron Hubbard's drug rehab technology and how their staff are trained - it changed NBAE's whole "think"; and

     f.   That the training in L. Ron Hubbard's technology at Narconon now officially replaced all college training requirements.

249.    Miscavige, RTC, ABLE and Church of Scientology participated in a scheme with the other Defendants to use the NAFC certifications to bolster the Narconon Network and its counselors in the public perception.

250.    Defendants own a series of domains that use the NAFC logo and certifications improperly and without authorization, including but not limited to www.narconon-news.org, www.narconon.drugrehabnews.net, www.drugrehabthatworks.com, www.sunshinesummitlodge.com, www.rainbowcanyonretreat.com, www.addicted.org, www.drug-rehab-colorado.com, www.inpatient-drug-rehab.org, www.theroadout.org, www.prescription-abuse.org, www.ecstasyonline.org, www.drugrehabcentersiningliss.com, www.californiadrugandalcoholrehab.com, www.treatmentforxanaxaddiction.com, www.crystalmethaddictionsymptoms.com, www.whatisnarconon.com.

251.    Defendants have recently been the subjects of negative media attention as a consequence of lawsuits that have been filed against Defendants' Treatment Centers due to deaths of residents/patients and raids by the government.

252.    Defendant Narconon Georgia was raided and shut down by the local authorities, yet continues to use improperly the NAFC logo on its website without consent as recently as September 3, 2013, long after the raid, revocation and NAFC's cease and desist letter.

253.    Defendants Narconon International, ABLE, Friends of Narconon, RTC, and Church of Scientology International operate a common scheme with the Narconon Treatment Centers, the Narconon Referral Entities and the other individual Defendants to promote the Narconon Network through the misuse of NAFC logos, trademarks, and certifications.

254.    Ultimately, the promotion of the Narconon Network is done to further the goals and purposes of the Church of Scientology to "clear" the world and for a planetary dissemination of Scientology ideals.

255.    The Scientology religion is carried out through corporations, such as Narconon, which are responsible for delivering Scientology religious technology in their operations.

256.   The NAFC logos and designations are willfully used by Defendants to bolster the credibility of the Narconon Treatment Centers and counselors in order to draw members into the Church of Scientology and for the increase in profit at the expense of Plaintiffs.

257.   Plaintiffs have recently learned about Defendants' schemes and misuse of the certifications, logos and links.

258.   As a consequence of Defendants' actions, the NAFC certifications have been devalued to the public, the State registration boards, the national boards and the national authorities, including causing serious questions concerning the independence of NAFC.

259.   As a consequence of Defendants' actions, Plaintiffs have suffered significant financial and reputational damages while Defendants have obtained significant financial and reputational benefit.

## *CAUSES OF ACTION*

### I.    FEDERAL TRADEMARK INFRINGEMENT

260.   Paragraphs 1 through 259 are hereby incorporated by reference in their entirety.

261.   Defendants' uses of NAFC's Mark, Logo and Certifications on Defendants' websites and in Defendants' publications are unauthorized.

262.   Defendants' unauthorized uses of NAFC's Mark, Logo and Certifications are likely to cause confusion, mistake and/or deception as to the source, affiliation, sponsorship and/or authenticity of Defendants' qualifications.

263.   As a result of Defendants' unauthorized uses, the public is likely to believe Defendants are approved by or affiliated with NAFC.

264.   As a result of Defendants' unauthorized uses and Defendants negative media attention, NAFC's Certification and status in the industry have been damaged.

265.   Defendants' infringement on NAFC's trademark is willful, intended to reap the benefit of the goodwill and reputation of NAFC to serve Defendants' ultimate purposes, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

266.   As a consequence of Defendants' willful and wrongful conduct, Plaintiffs have suffered, and will continue to suffer, substantial damages.

267.   Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.

268.   Defendants' wrongful conduct was willful under the Lanham Act, therefore Plaintiffs are entitled to treble damages pursuant to 15 U.S.C. § 1117(b).

269.   Alternatively, Plaintiffs are entitled to statutory damages for each misused Mark pursuant to 15 U.S.C. § 1117(c).

270.   Because this is an exceptional case of Defendants' wrongful conduct, Plaintiffs are entitled to attorney's fees pursuant to 15 U.S.C. § 1117(a).

## II.   COMMON LAW TRADEMARK INFRINGEMENT

271.   Paragraphs 1 through 270 are hereby incorporated by reference in their entirety.

272.   Plaintiffs have common law rights in the NAFC Certifications and Logo based on their continuous use of the same throughout the United States in connection with the certification of individual counselors.

273.   Defendants' unauthorized uses of NAFC's Certifications and Logo to promote their facilities and staff are likely to cause confusion, mistake and deception to the public as to the qualifications of Defendants.

274.    Defendants' unauthorized uses of NAFC's Certifications and Logo with no connection or affiliation with NAFC and/or ACCFC and without NAFC's and/or ACCFC's consent causes irreparable harm to Plaintiffs.

275.    Despite Defendants' actual and constructive knowledge of Plaintiffs' ownership and prior use of the NAFC Certifications and Logo, Defendants have continued using them without consent.

276.    Defendants' actions are deliberate, willful and have been done with the intention of trading upon the valuable goodwill and reputation of Plaintiffs.

277.    As a consequence of Defendants' actions, Plaintiffs have suffered injury and loss.

### III.    FEDERAL INFRINGEMENT PURSUANT TO 15 U.S.C. § 1125

278.    Paragraphs 1 through 277 are hereby incorporated by reference in their entirety.

279.    Defendants' marketing, promotion, and offering of services while using the NAFC Certifications, Marks and Logo constitute false designations of origin and false descriptions or representations that Defendants services are certified by NAFC and/or ACCFC, when in fact they are not.

280.    Such conduct causes confusion, mistake and deceives the public concerning the existence of an affiliation, connection or association between Defendants and Plaintiffs, when in fact there is none.

281.    Defendants misused NAFC's Certifications, Marks and Logos in commercial advertising and promotion concerning Defendants' services.

282.    As a result of Defendants' unauthorized uses of NAFC's Certifications, Marks and Logos, Plaintiffs have suffered and will continue to suffer damages.

283.    Defendants' conduct is willful, intended to reap the benefit of Plaintiffs' goodwill and reputation, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

**IV.    VIOLATION OF RIGHT OF PUBLICITY PURSUANT TO 12 O.S. § 1449**

284.    Paragraphs 1 through 283 are hereby incorporated by reference in their entirety.

285.    Defendants knowingly used NAFC's name and likeness for the purposes of advertising, soliciting, and selling Defendants' services to the public.

286.    Defendants' use was done without Plaintiffs' prior consent.

287.    As a consequence of Defendants' unauthorized use of NAFC's name and likeness, Plaintiffs have suffered damages.

288.    Defendants are in violation of 12 O.S. § 1449 – Unauthorized Use of Another Person's Right of Publicity.

289.    Plaintiffs are entitled to Defendants' revenue attributable to such use.

290.    Plaintiffs are entitled to punitive damages due to Defendants' knowing and willful conduct.

291.    Plaintiffs are entitled to attorney's fees and costs pursuant to 12 O.S. § 1449(A).

**V.    CIVIL CONSPIRACY**

292.    Paragraphs 1 through 291 are hereby incorporated by reference in their entirety.

293.    Defendants intentionally engaged in a common plan to utilize NAFC's Certification, Mark and Logo to attract customers to Defendants' drug treatment facilities.

294.    Defendants were aware of the common plan and the common purpose: to receive acclaim in the industry and consequently profit and to attract new members to the Church of Scientology, based on the use of the NAFC Certifications, Mark and Logo.

295.    Defendants acted in concert, agreed and cooperated to achieve such misuse and each took affirmative steps to encourage the achievement of their plan.

296.    As a direct and proximate result of Defendants' conspiratorial conduct, Plaintiffs have suffered irreparable harm and loss.

## VI.    REQUEST FOR INJUNCTION

297.    Paragraphs 1 through 296 are hereby incorporated by reference in their entirety.

298.    Based on Defendants' actions as stated herein and Defendants' continued misuse of the NAFC Certifications and Logo, Plaintiffs are at risk for further damages.

299.    Plaintiffs request a preliminary injunction to command Defendants to refrain from using NAFC Certifications and/or Logo that are the subject of this litigation.

300.    If Defendants continue their actions, Plaintiffs will suffer irreparable harm.

301.    Plaintiffs request a preliminary injunction stay in place during the pendency of this litigation.

302.    Plaintiffs additionally request a permanent injunction preventing Defendants' use of the NAFC Certifications and Logos.

303.    Plaintiffs have no adequate remedy at law for Defendants' continued wrongful conduct because, among other things:

    a.  NAFC's Mark, Certifications and Logo are unique and valuable property which has no readily determinable market value;

    b.  Defendants' infringement constitutes harm to Plaintiffs such that Plaintiffs could not be made whole by any monetary award;

    c.  If Defendants are allowed to continue such misuse, the public will likely continue to become further confused, mistaken and deceived as to the qualifications of Defendants; and

    d.  Defendants' wrongful conduct and resulting damage to Plaintiffs is continuing.

304.    Pursuant to 15 U.S.C. §§ 1116(a), Plaintiffs are entitled to injunctive relief.

## CONCLUSION

WHEREFORE, Plaintiffs National Association of Forensic Counselors, Inc. and American Academy of Certified Forensic Counselors, Inc. d/b/a American College of Certified Forensic Counselors, Inc. respectfully pray the Court for judgment on Plaintiffs' claims, compensatory, statutory, and punitive damages in excess of $75,000.00 and to the full extent of a law, an injunction preventing the unauthorized use of NAFC certifications, designations, and logos, attorney's fees, costs, pre- and post-judgment interest and such further relief as the Court deems just and proper.

Respectfully submitted,

**RICHARDSON, RICHARDSON, BOUDREAUX & KEESLING, PLLC**

_s/ David R. Keesling_
David R. Keesling, OBA # 17881
Heidi L. Shadid, OBA # 22897
Sloane Ryan Lile, OBA # 21342
7447 S. Lewis Ave.
Tulsa, OK 74136
(918) 492-7674 Phone
(918) 493-1925 Fax
drk@rrbklaw.com
hls@rrbklaw.com
srl@rrbklaw.com

*Attorneys for Plaintiffs National Association of Forensic Counselors, Inc. and American Academy of Certified Forensic Counselors, Inc. d/b/a ACCFC of Certified Forensic Counselors*

**Jury Trial Demanded**
**Attorney Lien Claimed**