IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL ASSOCIATION OF FORENSIC COUNSELORS, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NARCONON INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 14-CV-187-RAW |

### DEFENDANT DAVID S. LEE'S MOTION TO DISMISS
### AND BRIEF IN SUPPORT

Defendant David S. Lee ("Mr. Lee") respectfully requests the Court dismiss the claims and causes of action alleged against him in Plaintiffs' Complaint [Doc. No. 3] pursuant to Fed. R. Civ. P. 12(b)(2). In support of this Motion, Mr. Lee shows the Court as follows:

### INTRODUCTION AND SUMMARY OF RELEVANT FACTS

Plaintiffs file their Complaint, against 82 Defendants, alleging misuse of the NAFC mark, certifications, and logos and civil conspiracy. [Doc. No. 3] As to Defendant Mr. Lee, Plaintiffs allegations relate to the operation and maintenance of websites displaying certifications that are allegedly improper for a variety of reasons. [*See* Doc. No. 3 at ¶¶ 113-125] Mr. Lee, however, does not have any contacts with the State of Oklahoma that support an exercise of jurisdiction over him in this matter.

Mr. Lee is an Indiana resident, and is part-owner and a corporate officer of Intervention Services and Technologies, Inc. ("IST").[1] [Affidavit of David S. Lee at ¶ 1, Ex. 1] IST provides professional intervention services in various locations in the United States, but is an Indiana corporation, with its principal place of business in Lowell, Indiana. *Id.* Aside from his time at

---

[1] IST, though named as a Defendant in the Complaint, has not been served.

13507924_1

Narconon Arrowhead, as a client (i.e., not for a business purpose), and a subsequent trip for a graduate social event, Mr. Lee has not traveled to, nor spent any time in Oklahoma. *Id.* at ¶ 3.

While IST and Mr. Lee were solicited by a Company (Pita Group), which may have at the time been located in Oklahoma, about *inter alia*, assisting Mr. Lee and others in obtaining a Certified Chemical Dependency Counselor certification ("CCDC") through Plaintiff National Association of Forensic Counselors, Inc. ("NAFC"), this CCDC is not referenced in the Complaint.  Furthermore, in regard to that process, representatives from Pita Group traveled to Indiana, bringing with them written materials to be filled out by Mr. Lee and others at IST, which were then taken by the Pita Group representatives.  Thus, any Oklahoma contact that potentially occurred was limited to telephone solicitation by Kent McGregor on behalf of Pita Group. *Id.* at ¶ 6. Mr. Lee obtained a subsequent CCDC, through NAFC, in a process which did not concern Pita or Oklahoma. *Id.* at ¶¶ 6-7.

The potential limited contact noted above represents Mr. Lee's sole personal business contact with an individual or business in Oklahoma. *Id.* at ¶¶ 2-9. Furthermore, Mr. Lee does not, personally, own or operate any websites. *Id.* at ¶¶ 4-8. Any websites for which he is a named contact are registered to, owned, and paid for by IST. *Id.* at ¶ 8. There are simply not sufficient contacts to support jurisdiction, and Plaintiffs' claims against Mr. Lee should be dismissed.

**ARGUMENT AND AUTHORITIES**

**I.      The Court lacks personal jurisdiction over Mr. Lee.**

Plaintiffs' Complaint [Doc. No. 3], alleges that the Court has jurisdiction under 15 U.S.C. §§ 1116 and 1121. [*See* Doc. No. 3 at ¶ 85] Further, the Complaint alleges that the Court has personal jurisdiction over by generally alleging continuous and systematic activities directed at

Oklahoma through the "maintenance and operation of active websites to engage individuals in the forum state" as well as participation in a civil conspiracy with co-Defendants located in Oklahoma. *Id.* at ¶ 86. Mr. Lee, however, has no such continuous and systematic activities directed at Oklahoma, and this Court personal jurisdiction over him is absent.

When the Court's jurisdiction is challenged, Plaintiff has the burden of proving that jurisdiction, in fact, exists. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotations and citation omitted). Because the Lanham Act does not authorize nationwide service of process, the Court must look to Oklahoma law to determine whether it may exercise personal jurisdiction over Mr. Lee. *See, e.g., Advisors Excell, L.L.C. v. American Retirement Sys., LLC*, No. 12-4019-RDR, 2012 WL 10235348, at *2 (D. Kan. Dec. 11, 2012), Ex. 2.

Oklahoma courts "may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." OKLA. STAT. tit. 12, § 2004(F). Although Oklahoma's long-arm statute is intended to extend the state's jurisdictional reach over nonresidents to the outer limits of the Due Process Clause of the Fourteenth Amendment, see *Conoco, Inc. v. Agrico Chem. Co.*, 115 P.3d 829, 834-35 (Okla. 2004), that reach is limited. Jurisdiction cannot be inferred, but "must affirmatively appear on the record." *Gilbert v. Security Fin. Corp. of Okla., Inc.*, 152 P.3d 165, 170 (Okla. 2006).

In order to have general personal jurisdiction, it must be shown that the nonresident defendant has maintained continuous and systematic contact with the forum state. *Helicpoteros*

*Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Mr. Lee had no such contacts with the State of Oklahoma. [*See generally,* Ex. 1] Accordingly, any personal jurisdiction over Mr. Lee must be based on specific jurisdiction. *See, e.g., Shrader, v. Biddinger*, 633 F.3d 1235, 1239-40 (10th Cir. 2011). A court may exercise specific jurisdiction, under very limited circumstances, when the controversy arises out of a nonresident defendant's contacts with the forum. *Id.* at 415. Specific jurisdiction requires a finding that a nonresident defendant had "minimum contacts" with the forum state, such that the lawsuit does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp.*, 444 U.S. 286, 291-91 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The purpose of the concept of minimum contacts is to protect the defendant from the burden of litigating in a distant or inconvenient forum. *Worldwide Volkswagen*, 444 U.S. at 291. The relationship between the defendant and the forum state must be such that it is reasonable to require the defendant to defend the suit brought there. *Id.* at 292.

When an out-of-state defendant has not consented to suit in the forum, the "fair warning" requirement of the Due Process Clause is satisfied if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Moreover, the "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Id.* at 474 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

If it is established that a nonresident defendant has purposeful minimum contacts with a forum, the Court may consider those contacts in light of other factors, such as the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in

obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering fundamental substantive social policies. *Id.* at 476-77.

As noted above, Mr. Lee has not purposely directed business activities at the residents of Oklahoma. Any limited contact that Mr. Lee may have had with Oklahoma came in the form of a telephone solicitation to Mr. Lee, and the resulting certification arising from that contact is not the subject of Plaintiffs' Complaint. [Affidavit at ¶¶ 6-7] In fact, the only contact alleged is in regard to maintenance of a website. Even if Mr. Lee did maintain a website, which he does not, *see* Ex. 1 at ¶¶ 4, 8, such is not enough, in and of itself, to support the exercise of jurisdiction. As noted by the Tenth Circuit Court of Appeals in *Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011), the general principles regarding personal jurisdiction, developed pre-internet, threaten the very defense of personal jurisdiction. *Id.* at 1240. Thus, "it is necessary to adapt the analysis of personal jurisdiction to this unique circumstance by placing emphasis on the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there." *Id.* Taken alone, "[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Id.* at 1241.

Further, any contact between IST and Oklahoma does not constitute contact by Mr. Lee with this State. IST is a separate entity in which Mr. Lee is a part owner and an officer. [Affidavit at ¶¶ 1, 4, Ex. 1] For personal jurisdiction purposes concerning Mr. Lee, his personal activities and contacts must be evaluated. Mr. Lee does not have continuous and systematic contact with Oklahoma. Nor does he have contacts with Oklahoma giving rise to this

controversy. Even if Mr. Lee had sufficient contacts, requiring Mr. Lee to litigate in Oklahoma would impose a substantial burden on him.

## CONCLUSION

Based on the foregoing, Defendant David S. Lee requests that his motion to dismiss be granted for lack of personal jurisdiction, and for such further relief the Court deems just and proper.

Respectfully Submitted,

s/Richard P. Hix
Richard P. Hix, OBA No. 4241
Alison A. Verret, OBA No. 20741
McAfee & Taft, P.C.
1717 S. Boulder Ave., Ste. 900
Tulsa, OK 74119
Phone 918.587.0000
Fax 918.599.9317
richard.hix@mcafeetaft.com
alison.verret@mcafeetaft.com

*Attorneys for Defendant, David S. Lee*

## CERTIFICATE OF SERVICE

      I herby certify that on June 16, 2014, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      David R. Keesling
      Heidi L. Shadid
      Sloane Ryan Lile
      Donald M. Bingham
      M. David Riggs
      Wm. Gregory James
      Charles D. Neal, Jr.
      Rachel D. Parrilli
      Stacie L. Hixon
      Colin H. Tucker
      Denelda L. Richardson
      John H. Tucker
      Kerry R. Lewis
      David L. Bryant
      Amelia A. Fogleman
      David E. Keglovits
      John J. Carwile

*s/Richard P. Hix*