UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. NATIONAL ASSOCIATION OF FORENSIC COUNSELORS, INC., a Nevada Non-Profit Corporation, and<br>2. AMERICAN ACADEMY OF CERTIFIED FORENSIC COUNSELORS, INC., d/b/a AMERICAN COLLEGE OF CERTIFIED FORENSIC COUNSELORS, a Nevada For-Profit Corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>1. NARCONON INTERNATIONAL, a California Non-Profit Corporation, et al.<br><br>          Defendants. | Case No. 14-cv-00187-RAW |

**PLAINTIFFS' RESPONSE AND INCORPORATED BRIEF IN OPPOSITION TO DEFENDANT DAVID LEE'S MOTION TO DISMISS**

COME NOW, Plaintiff National Association of Forensic Counselors, Inc. ("NAFC") and Plaintiff American Academy of Certified Forensic Counselors, Inc. d/b/a American College of Certified Forensic Counselors ("ACCFC") (collectively "Plaintiffs"), by and through their counsel of record Keesling Law Group, PLLC, and pursuant to FED.R.CIV.P. Rule 12(b)(2) hereby submit Plaintiffs' Response and Incorporated Brief in Opposition to Defendant David Lee's Motion to Dismiss. In support thereof, Plaintiffs state as follows:

### *INTRODUCTION*

Plaintiffs operate a certification board for forensic counselors. In order to operate the certification board, Plaintiffs have established a series of standards, skills, training and

competencies required for professionals working with criminal offenders in addictions[1] to enhance the delivery of safe and effective treatment. This lawsuit involves the misappropriation and misuse of Plaintiffs' logos, trademarks and certifications by Defendants for the purposes of marketing Narconon programs for profits and ultimately promoting the Church of Scientology. Defendant David Lee ("David Lee") was added to the Complaint by virtue of his direct involvement in the violations and participation in the civil conspiracy.

As alleged in the Complaint, David Lee and Defendant Intervention Services and Technologies, Inc. ("Intervention Services")[2], are interventionists that operate websites and companies for the purposes of referring treatment to Narconon Treatment Centers in exchange for a referral fee. [Complaint, Dkt. No. 3, at ¶ 113]. The websites, particularly those from Intervention Services, falsely listed numerous individuals as C.C.D.C. (the NAFC certification), despite the expiration, revocation or lack of existence of such certifications. [Complaint at ¶¶ 193-196]. David Lee and Intervention Services operate a common scheme with the other Defendants to promote the Narconon Network through the misuse of NAFC logos, trademarks and certifications through the operation of their websites. [Complaint at ¶¶ 115, 122-123].

In addition to the allegations contained in the Complaint, the Exhibits attached hereto show David Lee's systematic and continuous contacts with the State of Oklahoma. For example, David Lee is the registrant of the website www.interventionservicesinc.com. [See domain registration information, attached hereto as Exhibit 1]. The Intervention Services "About Us" page claims "No matter where you are or where you came from, we can help… We provide

---

[1] The addictions certifications are the only relevant certifications for the purposes of this case. However, Plaintiffs also promote competency and training in the areas of criminal justice, mental health and corrections.

[2] Defendant David Lee is one of two founders of Intervention Services. See the enclosed page from Intervention Services website, which provides a description of Mr. Lee's and his brother's involvement in the creation of Intervention Services and its purpose, attached hereto as Exhibit 2.

experience, professional intervention services all around North America." [See the About Us page, attached hereto as Exhibit 3]. David Lee reiterated this national effort and link to <u>all</u> Narconon entities when posting on internet forums and on the "our founders" section of the Intervention Services website. [See David Lee's comments from www.forum.reachingforthetippingpoint.net and http://narcononexposed.wordpress.com attached hereto as Exhibits 4 and 5, respectively; See also the "our founders" page from www.interventionservicesinc.com, attached hereto as Exhibit 6]. This generalized national marketing plan also has a specialized the link to Oklahoma. The State of Oklahoma is listed as a location for the company on Intervention Services' website. [See the website's location page, attached hereto as Exhibit 7]. When the Oklahoma tab is accessed, the website describes Defendants' knowledge about doing interventions in Oklahoma and specifically markets their services in this State. [See the Oklahoma page, attached hereto as Exhibit 8].

Additionally, David Lee has admitted to specific contacts with the State of Oklahoma as it relates to the particular activities alleged in this Complaint. For example, David Lee has admitted to the specific activities complained of by Plaintiffs in this case in conjunction with an Oklahoma resident and company. On May 20, 2014, David Lee reached out to counsel for Plaintiffs concerning the filing of the Complaint and made the following relevant admissions concerning his contacts with Oklahoma. [See the 5/20/14 e-mail, attached hereto as Exhibit 9]. Specifically, David Lee makes the following admissions concerning his contacts with Oklahoma and Defendant Kent McGregor:

1) He was pushed by Narconon and the Church of Scientology to get NAFC addictions certifications through Kent McGregor.

2) He had repeated calls with Kent McGregor.

3) He paid $1,000-$2,000 to Kent McGregor for the certifications.

    4)      He did additional certifications through Defendant The Pita Group, Inc. ("The Pita Group").

    5)      He and Intervention Services continue to do interventions for Narconon **nationwide**.

    6)      He and Intervention Services were the biggest provider of interventions for **every** Narconon in North America.

    7)      He was a client/staff member at Narconon Arrowhead (located in Canadian, Oklahoma).

[See Ex. 9]. Kent McGregor and The Pita Group are both Oklahoma citizens and doing business in Pittsburg County, State of Oklahoma. [Complaint at ¶¶ 6, 41 and 86]. Defendant McGregor, through the Pita Group, falsely claimed that it had the authority to bestow the certificate of Certified Chemical Dependency Counselor in conjunction with NAFC. [Complaint at ¶¶ 159 and 160].

### ARGUMENTS AND AUTHORITIES

**I.    STANDARD FOR MOTION TO DISMISS UNDER 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

When faced with a motion to dismiss based upon FED.R.CIV.P. Rule 12(b)(2), "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Plaintiff's burden to make the prima facie showing in the early stages of litigation is light. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (internal quotations omitted). "[O]n a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are taken as true to the extent they are not contradicted by affidavits." *American Land Program, Inc. v. Bonaventura Uitgevers Maatschappu*, 710 F.2d 1449, 1454 (10th Cir. 1983), quoting *Wyatt v. Kaplan*, 686 F.2d 276, 282 n. 13 (5th Cir. 1982). If contradicted by affidavits,

the Plaintiff bears the burden of responding with evidence to show a dispute. *Id*. Any factual disputes will be resolved in favor of the plaintiff. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). Once the prima facie showing is made by the plaintiff, the burden shifts onto the defendant to convincingly demonstrate the exercise of personal jurisdiction would offend the traditional notions of fair play and substantial injustice. *OMI Holdings v. Royal Ins. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

In order for the court to exercise personal jurisdiction over a defendant, the defendant must have minimum contacts with the forum state, such that having to defend a lawsuit there would not offend the traditional notions of fair play and substantial justice. *Shrader*, 633 F.3d at 1235., citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008). The contacts may either be general, meaning for any lawsuit, or specific, meaning for a lawsuit arising out of particular forum-related activities. *Id*. General jurisdiction is based on the "continuous and systematic" contacts with the forum state. *Id.* By contrast, specific jurisdiction requires a showing that 1) the out-of-state defendant purposefully directed his activities at residents of the forum state, and 2) that plaintiff's injuries arise out of the defendant's forum-related activities. *Id*. Once all conditions are met, the court then determines whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. *Id*. at 1240. This requires a determination that the exercise of jurisdiction is reasonable in the circumstances. *Intercon*, 205 F.3d at 1247. The court reviews the following factors in deciding whether the exercise of jurisdiction is reasonable:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Id.* at 1249.  The interplay between the minimum contacts analysis and the determination of reasonableness of the exercise of jurisdiction by the Court evokes a sliding scale analysis, e.g. "an exceptionally strong showing of reasonableness may serve to fortify a borderline showing of [minimum contacts]." *OMI Holdings*, 149 F.3d at 1092, quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).

## II.     PERSONAL JURISDICTION EXISTS

### a.  General Jurisdiction Exists

David Lee's general contacts with Oklahoma involved the roles of client and staff member of Defendant Narconon Arrowhead, telephonic exchanges with Defendants Kent McGregor and The Pita Group, and internet postings concerning drug interventions in Oklahoma.  The internet postings involve more than merely posting information on a website that is available in Oklahoma.  Instead, www.interventionservicesinc.com directly targets an Oklahoma audience and seeks to do business with Oklahoma residents. *See Schrader*, *supra*, 633 F.3d at 1243 (general jurisdiction sweeps more broadly in its review of the internet activities).  Additionally, David Lee stated that he completed interventions in every Narconon location, which necessarily included Narconon Arrowhead in Oklahoma. [See Ex. 3 – 7].  He also contracted with the Oklahoma entity The Pita Group and Oklahoma individual Kent McGregor. [See Ex. 9].  Each of these factors exemplifies a series of systematic and continuous contacts with this forum for the purpose of establishing general jurisdiction.

### b.  Specific Jurisdiction Exists

Defendant David Lee purposefully directed his activities towards Oklahoma and did so in a manner that caused Plaintiffs' damages.  With his Motion to Dismiss, David Lee attached a self-serving affidavit claiming that any contacts he may have had with Oklahoma would have

been as a representative of and by Intervention Services, not as an individual. These facts are disputed by David Lee's own statements on his forum postings and in his e-mail of May 20, 2014 to the undersigned. [See Ex. 4, 5, and 9]. Moreover, David Lee fails to acknowledge the civil conspiracy in which he participated. The overt activities of a co-conspirator within the forum may subject the other co-conspirator to the jurisdiction of the form. *Newsome v. Gallacher*, 722 F.3d 1257, 1265 (10th Cir. 2013), citing *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007). The main requirement to trigger jurisdiction through conspiracy is that at least one of the conspirators has pursued the conspiracy within the forum state. *Id*.

In this case (and as set forth herein) the largest grouping of Defendants are located in this forum. [Complaint at ¶ 86]. One of the main players in the civil conspiracy is Defendant Kent McGregor, an Oklahoma citizen. [Complaint at ¶ 41]. McGregor personally offered the falsified C.C.D.C. certifications, claimed a relationship to Plaintiffs that did not exist, and owns and operates numerous websites posting the falsified credentials of other Defendants. [Complaint at ¶¶ 159-163, 170, and 198-199]. It is precisely the wrongful and damaging activities committed by McGregor against Plaintiffs in which David Lee participated. This participation is not merely alleged by Plaintiffs, but is admitted to by David Lee in his Affidavit and in the Exhibits attached hereto. The crux of David Lee's specific harmful activities and the role he played with the Defendants located in this forum are more than sufficient to establish specific jurisdiction in the Tenth Circuit.

### c. The Exercise of Jurisdiction is Reasonable under the Circumstances

An analysis of the five factors weigh heavily in favor of finding reasonableness in the exercise of personal jurisdiction against Defendant David Lee in this case. Particularly:

**1) Burden on the Defendant –** Although filed in Oklahoma, the ease of electronic filing in Federal Court makes this forum accessible from any location with internet.  As to this Defendant in particular, David Lee did not appear to have any challenges finding local counsel – two separate firms have entered their appearances on his behalf.  Additionally, the first firm of attorneys that filed their appearances in this matter also represent numerous other defendants in this case.  The costs and alleged burden is greatly diminished when the cost is divided.  Finally, the allegations in this Complaint involve wrongful acts across North America, including Canada, and the United Kingdom.  With the expansive geographical stretch, Oklahoma is the most centrally located forum and should be less of a burden for David Lee. Thus, factor 1 weighs in favor of exercising jurisdiction.

**2) Forum state's interest in resolving the dispute –** This State houses the majority of the wrongful activities set forth in Plaintiffs' Complaint with the largest number of Defendants being citizens of this State.  Also, Oklahoma has an interest in adjudicating a dispute like this, which involves many non-residents because the conduct affects Oklahoma residents. *See OMI Holdings*, *supra*, 149 F.3d at 1096.  Oklahoma residents are the targets of Defendants' campaign to grow Narconon and consequently the Church of Scientology.  Accordingly, factor 2 weighs in favor of exercising jurisdiction.

**3) Plaintiffs' interest in receiving convenient and effective relief –** Plaintiffs have recently uncovered this enormous conspiracy involving at least eighty-two (82) separate defendants.  If Plaintiffs were required to file a separate lawsuit for each Defendant, Plaintiffs' rights would be significantly hindered.  Plaintiffs, including the Non-Profit NAFC, do not have the expansive and unlimited resources to pursue litigation on such a large scale. Instead, the burden would be so overwhelming as to prevent Plaintiffs from being to pursue their claims at

all. Plaintiffs' interest far outweighs Defendants' interest in this matter. Therefore, factor 3 weighs in favor of exercising jurisdiction.

**4) Interstate judicial system's interest in obtaining the most efficient resolution of controversies –** The key inquiries for this portion of the analysis are "the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." *OMI Holdings*, *supra*, 149 F.3d at 1097. Each of these inquiries, mostly discussed in paragraphs 1-3 above, favors the Court exercising jurisdiction in this case. A majority of witnesses are located in Oklahoma, a majority of the underlying wrongs occurred in Oklahoma, the law governing is federal, and piecemeal litigation would most certainly result if Plaintiffs were forced to dismiss certain Defendants. Accordingly, factor 4 weighs in favor of exercising jurisdiction.

**5) Shared interest of the several states in further fundamental substantive social policies –** Because this lawsuit is premised upon federal law, the several states share an interest with Oklahoma and the policies embodied by the federal law. As for the international Defendants, they have all willingly participated in the growth of the Narconon network, which is a United States network. The foreign citizens chose to conduct business with Narconon and the laws governing this dispute are in the United States. For these reasons, factor 5 weighs in favor of exercising jurisdiction.

## CONCLUSION

As set forth herein, Plaintiffs have presented sufficient facts to make a prima facie showing of minimum contacts in the State of Oklahoma to establish personal jurisdiction over Defendant David Lee. Under the circumstances of this case, all of the relevant factors weigh in favor of the reasonableness of this Court exercising personal jurisdiction over Mr. Lee.

WHEREFORE, Plaintiffs National Association of Forensic Counselors, Inc. and American Academy of Certified Forensic Counselors, Inc. d/b/a American College of Certified Forensic Counselors respectfully pray the Court deny Defendant David Lee's Motion to Dismiss and for such further relief as the Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

*s/ David R. Keesling*
David R. Keesling, OBA # 17881
Heidi L. Shadid, OBA # 22897
Sloane Ryan Lile, OBA # 21342
401 S. Boston Ave.
Mid-Continent Tower, Suite 450
Tulsa, OK 74103
(918) 924-5101 Phone
(918) 512-4888 Fax
David@KLGattorneys.com
Heidi@KLGattorneys.com
Sloane@KLGattorneys.com

*Attorneys for Plaintiffs National Association of Forensic Counselors, Inc. and American Academy of Certified Forensic Counselors, Inc. d/b/a ACCFC of Certified Forensic Counselors*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 30, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Charles D. Neal
    Donald M. Bingham
    David L. Bryant
    Wm. Gregory James
    M. David Riggs
    John H. Tucker
    Richard P. Hix
    David E. Keglovits
    John J. Carwile
    Amelia A. Fogleman
    Colin H. Tucker
    Stacie L. Hixon
    Rachel D. Parrilli
    Kerry R. Lewis
    Denelda L. Richardson
    Alison A. Verret

                                      s/ David R. Keesling,
                                      *Attorney for Plaintiffs*